IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SOU CHIEM SAEPHARN, | * | |
|     Petitioner, | * | |
| | | CASE NO. 4:08-CV-90012 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:06-CR-41 CDL |
| UNITED STATES OF AMERICA, | * | |
|     Respondent. | * | |

**REPORT AND RECOMMENDATION**

Indictment was returned in this Court on October 25, 2006 (Doc. 1), charging Petitioner Saepharn in Count I with Possession with intent to distribute a Schedule I controlled substance, to wit: approximately 1000 grams of a mixture or substance containing a detectable amount of 3, 4-methylenedioxymethamphetamine, also know as "MDMA" or "ecstasy"; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c), in connection with Title 18, United States Code, Section 2.  Count II of the Indictment charged Petitioner Saepharn with Possession of a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C.§ 924(c)(1)(a)(i).

Petitioner Saepharn retained an attorney who filed a battery of motions in his behalf. However, on July 19, 2007, Petitioner Saepharn with his attorney entered into a Plea Agreement (Doc. 62) with the Government and pleaded guilty to the Indictment. (Doc. 60, 61).  The District Court entered its Sentence  and Judgment on December 12, 2007 (Doc. 75), sentencing Saepharn to 108 months imprisonment on  Count I and to a concurrent sentence for a similar charge on Case No. 4:04-CR-00188 (CEJ).[1]  On Count II, Saepharn received a mandatory minimum term of 60 months

---

[1] The Government had agreed in Petitioner's Plea Agreement to accept a plea of guilty to a similar charge pending in the United States District Court for the Eastern District of Missouri and to recommend a concurrent sentence.  *See Plea Agreement,* Doc. 62 at Section 3 A.

on the firearm charge, to be run consecutive to the Count I sentence, for a total sentence of 168 months imprisonment.

On December 17, 2007, Petitioner Saepharn filed a Notice of Appeal in regard to his sentence and the Court's denial of a Motion to Withdraw his guilty plea which he had filed earlier. (Doc. 77). The United States Court of Appeals for the Eleventh Circuit summarily affirmed the District Court's July 28, 2008, decision to allow Appellant to abandon his motion to withdraw his guilty plea, "as Appellant has failed to show any error in the district court's ruling." (Doc. 109 at 2). The Circuit Court also ruled that Saepharn "had knowingly and voluntarily waived the right to challenge his sentences on the grounds asserted in his brief." *Id.*

Petitioner Saepharn timely file his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 110) presently under consideration. As **Ground Two** of his Motion [no Ground One was pled], Saepharn alleged ineffective assistance of counsel saying that, "Defendant's counsel ... gave false information to defendant which led to guilty plea." As **Ground Three,** Petitioner Saepharn alleges that:

> Evidence insufficient to sustain defendant conviction for possession of firearm during a drug trafficking crime. Defendant is charged and prosecuted for possession of firearms during a drug trafficking crime, there was no evidence that there was any violation or if the firearm was used during a drug trafficking crime.

Petitioner's claim of ineffective assistance of counsel, being vague and conclusory, seemed to require a hearing to determine a factual basis, if any. Therefore, an evidentiary hearing on Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was held on February 13, 2009, with newly appointed counsel. *See Transcript,* Doc. 119. Petitioner's counsel filed a Notice of Intent to Rest on The Record (Doc. 121) in lieu of a brief after the hearing.

## Discussion and Conclusions of Law

Petitioner Saepharn's assertion of the denial of his Sixth Amendment right to effective assistance of counsel is controlled by the following legal standards. To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). (1) Petitioner must show that his counsel's representation was deficient and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994):

> The cases in which habeas petitioners can properly prevail on the

3

>ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993).  Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

At hearing, Petitioner's counsel set off on a fishing expedition questioning Petitioner's former counsel about his examination for violation of Petitioner's speedy trial rights, an issue which had not been raised theretofore.  Nonetheless, as Petitioner's AEDPA time limit for claims had not expired, the venture was allowed, but failed to bear fruit as counsel answered emphatically:

>[F]rom the early stages of the case, from our initial hearing, and through January, February of 2006 – or I guess, 2007, Mr. Saepharn told me  he wanted to plead guilty.  He specifically requested that I ask the government to transfer another federal court case in St. Louis, Missouri here, so that he could dispose of both cases at the same time. So we discussed that.

(Doc. 119 at 14).  At page 16 of the Doc. 119 hearing transcript, Counsel continued:

>I know that I advised him he has the right to a speedy trial, and he said that he did not want to go to trial, that he wanted to plead guilty to both cases, so we did not pursue that issue any further.

4

In his hearing testimony, Petitioner Saepharn did not refute his counsel's assertions in regard to discussions about speedy trial. When asked on direct examination if his counsel had ever discussed his speedy trial rights under the Constitution or under statutory law, Petitioner Saepharn answered, "I don't remember. It's been so long. I don't recall." (Doc. 119 at 49). On cross examination, Saepharn confirmed his counsel's assessment of his position. When asked if he ever told his counsel that he would rather go to trial than plead guily, Saepharn answered:

> I told him I wanted to plead guilty, but around the time with – before the withdrawal – I mean, after he withdraw the plea, I was considering taking it to trial also.

Petitioner Saepharn then said that it was true that instead of going to trial he wanted his counsel to work out the best deal possible for him. *Id.* at 63, 64. The speedy trial issue has not been briefed or argued further and any implication of ineffective assistance of counsel in that regard fails for want of carrying any burden of proof.

In regard to Petitioner's Motion Ground Two claim of ineffective assistance of counsel for counsel's giving unspecified "false information which led to guilty plea," he was asked on cross examination what was the false information, to which Petitioner Saepharn stated:

> [Counsel] told me that I was looking at 63 to 78 months, plus the 60 months, but then the sentence came it was 108 to 135 months.

(Doc. 119 at 57, 58). Thereafter, Petitioner Saepharn acknowledged that he understood that any estimate of the guideline sentence range was just that, an estimate, and could not be relied on whether it came from the probation office, the government, or his own counsel. *Id.* at 58. Petitioner Saepharn had also acknowledged his understanding of that fact in writing in his Plea Agreement submitted to the court. (Doc. 62 at Section 3(C)). Petitioner failed to carry his burden of proof as to his Ground Two claim of ineffective assistance of counsel.

5

Petitioner's Ground Three claim that there was insufficient evidence to sustain his conviction for possession of a firearm during a drug trafficking crime is belied by his stipulation of facts in regard to his guilty plea to that charge in his Plea Agreement. The stipulation is the evidentiary basis in support of Petitioner Saepharn's guilty plea and conviction. The stipulation, signed and initialed by Petitioner, reads as follows:

> The defendant now admits that between April 2006, and September 2006, he unlawfully, knowingly, and intentionally possessed with intent to distribute over 1000 grams of MDMA, and that the .380 Taurus handgun possessed by him was used for protection during the conduct of his drug-related activities.

(Doc. 62 at 12). Moreover, Petitioner acknowledged the truth of this stipulated evidence to the Court at his change of plea hearing, wherein the Court determined by an exhaustive colloquy with Petitioner Saepharn that the guilty plea to all charges before the Court was knowingly and voluntarily made, and that Saepharn was, in fact, guilty of those charges. (Doc. 91 at 4-33). In addition, Petitioner Saepharn acknowledged at his § 2255 hearing that his attorney had discussed with him the fact that if he pled guilty to the firearms charge he would get an additional five years on top of what else he got. (Doc. 119 at 51). Petitioner Saepharn's vague and equivocal testimony fails to prove any of his contentions.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 29th day of July 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE